## MILLER v. MAWHINNEY LAST CO.

### (Circuit Court, D. Massachusetts.  July 28, 1899.) ·

### No. 521.

1. PATENTS—CONSTRUCTION OF CLAIMS.

A patentee, in his specification, described a shoe last divided into two sections, hinged together, "so that the rear section  *  *  *  can be swung upward and forward," and the last "readily removed from the boot or shoe, a locking or holding device being provided which holds the heel section rigidly in its operative relation to the forepart section when the last is in use, as I will now proceed to describe and claim." The claim, however, did not mention this holding or locking device. *Held*, that in view of the foregoing language, and of the fact that the last would be inoperative without the locking device, the same must be read into the claim as an element.

2. SAME—SHOE LASTS.

The Smith patent, No. 395,668, for a last designed to be suitable for supporting a boot or shoe upper during various operations of the manufacturing process, and also to admit of the easy removal of the last from the upper without straining the same, construed as to claim 2, and said claim *held* not infringed.

This was a suit in equity by Oliver A. Miller against the Mawhinney Last Company for alleged infringement of a patent for a boot and shoe last.

William Quinby, for complainant.

Edward S. Beach, for defendant.

BROWN, District Judge.  This suit is for infringement of letters patent No. 395,668, issued January 1, 1889, to George E. Smith, assignor of one-half to William A. Knipe, for a last, the object of the invention being to provide a last suitable to support a boot or shoe upper during various operations of the manufacturing process, and also to admit of the easy removal of the last from the upper without straining the same.  Claims 2 and 3 are relied upon.  It seems clear, however, that claim 3 is not infringed by the defendant, since one of its elements—"a holder"—is not contained in defendant's last.  Claim 2 is as follows:

"(2) A last divided transversely through its body and bottom into two sections, each having a solid bottom, said sections being connected by a hinge at or near the bottom portion of the last, whereby the rear section is enabled to swing upward and forward, as set forth."

In the specification the inventor says:

"The invention consists in a last divided transversely at or near the shank into two sections, which are hinged together, and are formed so that the rear section, which includes the heels, can be swung upward and forward, and thus virtually shorten the last so that it can be readily removed from the boot or shoe, a locking or holding device being provided which holds the heel section rigidly in its operative relation to the forepart section when the last is in use, as I will now proceed to describe and claim."

Although the second claim makes no express reference to any locking or holding device, I am of the opinion that upon a proper construction of the patent such locking or holding device is necessarily

implied as an element in the second claim,—First, because the inventor has stated in that part of his specification above quoted that such a device was to be provided; and, second, because it appears from the testimony of the inventor himself, as well as from the testimony of experts, that without a locking or holding device the last described by the patentee would be practically inoperative. Nowhere in the specification is there a suggestion that without such a device the last would be of practical utility. On the contrary, the specification assumes throughout that such a device is indispensable. It is true that the complainant says, "I do not limit myself, however, to the use of the block, e, as the means for holding the heel section;" but he supplements this by an exposition of equivalent means, thus enforcing the view that a holding device of some character is essential.

The defendant's last consists of two parts connected by a hinge, and does not contain a locking or holding device or any equivalent therefor. The hinge is not located at the bottom portion of the last, nor near the bottom portion of the last, but at a considerable distance above the bottom portion. In consequence of this higher location of the hinge, and of the intentional provision of broad bearing surfaces below the hinge, the defendant's last is self-sustaining, and capable of enduring all necessary manufacturing operations without the aid of a locking or holding device. The construction adopted by the defendant is nowhere suggested in the patent in suit. Though the complainant insists that the language of claim 2 is applicable to the defendant's last, it is evident that in his specification he has not pointed out or described how practically to construct a last according to claim 2, as construed by him. The inventor regards it as indifferent whether the hinge be located at the bottom or near the bottom; and, if a holder is to be employed, there would result little, if any, practical difference whether the hinge were located as in the drawing, or exactly at the bottom of the last. In the defendant's last the hinge cannot be located at the bottom, since such a location, while permitting the easy removal of the last, would render it inoperative. It is plain that in locating the hinge of the patent in suit, the ready removal of the last was the sole consideration. The location of the defendant's hinge was not determined solely by such consideration, but also by the purpose of dispensing with the third part, namely, the holder. Had the inventor of the patent in suit perceived the importance of this location, and the fact that thereby he could dispense with the holder, it was his duty to point this out clearly, and with such definiteness as to enable others to construct an operative last corresponding with the language of claim 2, construed according to his contention. The complainant urges that the words, "or near the bottom portion of the last," apply to the defendant's structure. I do not think, however, that the defendant's hinge is located "near" the bottom of the last in the sense in which the term "near" was used by the inventor. The defendant has endeavored to locate its hinge at the furthest practical distance from the bottom of the last, being guided by the ingenious percep-

tion that a special and valuable result would follow from such location. Therefore it is proper to say that its hinge is located at a considerable distance from the bottom. In amending the original claim of the patent in suit by the addition of the words "or near," the inventor wrote to the commissioner of patents:

"We submit that it is eminently proper that the words 'or near' be inserted as above indicated, because the pin, which is the center or axis on which the rear section swings, is not located exactly at the bottom of the last, but near the bottom. Hence the desired amendment will simply make the claims correspond with the drawing."

As the inventor states that he uses the words, "or near" in order that the language of the second claim should be verbally descriptive of what was pictorially set forth in the drawings, it is obvious that he did not intend the second claim to describe or suggest a structure so radically different from his own as the defendant's last. Furthermore, if claim 2 were to be considered as claiming broadly a two-part last, with the hinge located solely with a view to the easy removal of the last, and regardless of the ability of the last to endure manufacturing operations without the aid of a holder, it would be void in view of the patent to A. W. Rogers, No. 321,640, dated July 7, 1885. This shows clearly the complainant's construction, "whereby the rear section is enabled to swing upward and forward." Such changes from Rogers as would be necessary in adapting his invention to a solid-bottomed last would be obvious to those of ordinary mechanical skill. If, therefore, we should adopt the complainant's construction of claim 2, and hold that it did not imply a locking device, we should then be obliged to hold the claim void for lack of novelty. The bill will be dismissed.